## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TIMOTHY TROUTMAN,

        **Plaintiff,**

   v.

**DeKALB FIRE EMS SERVICES, et al.,**

        **Defendants.**

      **1:13-cv-1097-WSD**

## OPINION AND ORDER

Plaintiff Timothy Troutman ("Plaintiff" or "Troutman"), *pro se*, was granted leave to proceed *in forma pauperis*, and this matter is now before the Court for a frivolity determination pursuant to 28 U.S.C. § 1915.

### I.    BACKGROUND

On April 4, 2013, Troutman, a resident of Lithonia, Georgia, filed in this court a complaint which appears to assert claims under 42 U.S.C. § 1983 against DeKalb Fire EMS Services ("DeKalb EMS") and the DeKalb County Police Department ("DeKalb Police") based on conduct Troutman alleges was engaged in by members of those entities. Plaintiff's complaint is a narrative and does not identify specific causes of action or claims, but alleges the following facts, taken as true at this stage of the litigation.

On December 31, 2010, at around 9:45 p.m., Plaintiff was in his home, took his medication,[1] and went to sleep.  At some point in the night, Troutman awoke to find a "white man beating me in my face."  Plaintiff fell back asleep, but awoke again sometime later to find "four black police officers stomping" him.  Plaintiff passed out again, and when he awoke a third time, he was in police custody, bound in a cell.  When Plaintiff asked what had happened, he was told that the white man that Plaintiff recalls beating him in the face was an EMS worker.  (It is unclear from Plaintiff's complaint why an emergency medical responder was in Plaintiff's home or how he gained entrance.  Plaintiff alleges he had locked the door before going to sleep.)

On January 7, 2011, after seven days in custody, Plaintiff managed to have a friend help him post bond.  He returned home and claims that someone had broken into his apartment.  Plaintiff had recently purchased a lawn mower, a "weed eater," a blower, and "an edger," to start a landscaping, pest-control, and janitorial business.[2]  Plaintiff claims this property was all stolen, along with a television and

---

[1] Plaintiff states he had made arrangements to begin treatment for drug addition and alcoholism at the DeKalb Addiction Clinic, and that at the time he was taking 50 mg of Remeron and 3 mgs of Respirodol [sic].  The Court takes judicial notice of the fact that Risperdal is an antipsychotic commonly used to treat schizophrenia.

[2] Plaintiff alleges that his plan had been to overcome his addiction to drugs, start a new business, start a family, and otherwise find direction in his life.

$624.00 in money orders that Plaintiff had intended to use to pay his rent for the next two months.  Plaintiff asserts that a security guard at Plaintiff's apartment complex informed him that an Officer Johnson had already stopped by[3] in response to the break-in, and had stated "now I got his ass."  Confused as to what was going on or what Officer Johnson had meant, Plaintiff called the police to report the burglary.  The police officer who responded to Plaintiff's call, Plaintiff asserts, refused to include, in his report, that someone had broken into his apartment. (There is some suggestion in Plaintiff's complaint that Officer Johnson was one of the officers that "stomped" on Plaintiff during his drug-induced sleep on December 31, 2010, and that the officer filing the report was protecting Officer Johnson.) Because of the police report, Plaintiff claims he has been unable to be compensated by his insurance company for the stolen property.

Plaintiff complained in person at the DeKalb County Police Department, where he met with a Detective Golden, about both the assault and the incompleteness of the police report about the break-in.  Plaintiff also attempted to file a grievance with the DeKalb County Fire and Rescue Department about his claimed December 31, 2010, beating.  He asserts that when he informed Acting

---

[3] There is no explanation to account for why authorities responded to a "break-in." Plaintiff does not claim he requested the investigation.

Chief Johnson[4] that one of the EMS workers had punched him in the face, Johnson told Plaintiff that he could not prove anything and that Johnson proceeded to make racially inflammatory statements before telling Plaintiff to leave.

Plaintiff alleges that as a result of the excessive force used by the DeKalb Police officers and the assault by the DeKalb EMS worker, he suffered substantial injuries that manifested in November of 2012. These include numbness on the right side of his body and an inability to use his hand to write. Plaintiff sought medical attention and was informed he has damage to his spinal column that might require surgery. (Attached to Plaintiff's complaint are medical records from DeKalb Medical dated February 21 and 23, 2013.)

In this action, Plaintiff seeks compensation for his injuries and for any required treatment, compensation for the property that was stolen from his apartment, and an apology from the law enforcement and government officials at the DeKalb Police Department and DeKalb EMS who refused to believe his version of events.

Because Plaintiff elected to file this case in federal court, and interpreting his

---

[4] Apparently no relation to Officer Johnson.

*pro se* pleading liberally,[5] the Court concludes Plaintiff is attempting to bring an action under 42 U.S.C. § 1983 against the government officers Plaintiff claims he encountered on December 31, 2010, namely, the unidentified DeKalb EMS worker and the four DeKalb police officers, one of whom Plaintiff appears to assert was Officer Johnson.

## II.   DISCUSSION

### A.   Legal Standard

The Court reviews Plaintiff's filings for frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B).  A court must dismiss a case filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i – iii).  "Failure to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[5] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).

on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).  Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989).

    B.    Standard for a Section 1983 Action

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983

complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).  See also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

C.     Analysis

Plaintiff appears to assert a claim for unreasonable or excessive use of force by the DeKalb Police officers who arrived at his house in response to an altercation with a DeKalb EMS worker, and for excessive force by the DeKalb EMS worker.[6] He appears also to allege a claim for dereliction of duty against the officer who failed to file an accurate report about the alleged break-in.

The Court begins with Plaintiff's claims for an alleged excessive use of force by DeKalb EMS or Police personnel.  Plaintiff appears to allege a claim based on an alleged assault by a person who, Plaintiff was told, was a DeKalb EMS employee.  Plaintiff does not allege that the assault was committed by an EMS worker in his capacity as an employee of the DeKalb EMS, or that the assault was related to emergency services offered by DeKalb County.  Section 1983 provides a federal remedy for "the deprivation of any rights, privileges, or

---

[6] If indeed that is what occurred.  Plaintiff's complaint does not explain the nature of events that transpired on December 31, 2010, and it seems unlikely that Plaintiff is aware of these details, given his medicated and somnolent state at the time.

immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  It is not a "font of tort law to be superimposed upon whatever systems may already be administered by the States."  Paul v. Davis, 424 U.S. 693, 701 (1976).  Plaintiff's claim is, even generously interpreted, a state-law claim for assault by an individual, and is not the basis for a claim under Section 1983.  Id.

Plaintiff next alleges an excessive force claim against DeKalb Police officers.  "The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest.  The question is whether [the police officer] behaved reasonably in the light of the circumstances before him."  McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003).  The force used by the police officer must be "reasonably proportionate to the need for that force," which is measured by (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight.  Id.  "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."  Id.

The Court notes that Plaintiff's alleged injuries did not manifest for almost two years after his encounter with DeKalb Police.  The injuries he alleges are also

not supported by the medical documents attached to Plaintiff's complaint.  In those materials, the examining physician stated that Plaintiff's neurological complaints "were secondary to patient's sleeping habits and some neck discomfort and irritation."  The medical notes also state that Plaintiff was doing well and was discharged home, and indicate that Plaintiff had "no recent trauma."  Plaintiff's injuries do not seem to arise from the incident he describes in his complaint.

Plaintiff's final claim is based on an alleged dereliction of duty by the DeKalb Police officer in the filing of a report on the alleged break-in at Plaintiff's apartment, specifically by failing to record that a break-in had occurred.  This omission, Plaintiff claims, caused him damage because his insurance company would not cover the items Plaintiff claims were stolen.  An incomplete or inaccurate police report that affects insurance coverage is not the basis for a claim that affects a constitutional or other federal right.  42 U.S.C. § 1983.  There also are insufficient facts alleged to support the plausibility of this "dereliction of duty" claim.  Wilkerson, 366 F. App'x at 51.

The Court observes further that the DeKalb County Police Department is not an entity that can be sued under Section 1983.  See Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. Aug. 10, 2006) (affirming district court's dismissal of Section 1983 suit against sheriff's department because sheriff's departments and police

departments are not legal entities subject to suit); <u>Robinson v. Hogansville Police Dep't</u>, 159 F. App'x 137, 138 (11th Cir. 2005) (recognizing that a police department is not a legal entity subject to suit under Section 1983).  The DeKalb County Police Department, therefore, is required to be dismissed from this action.

Because Plaintiff has failed to state viable claims under 42 U.S.C. § 1983, the Court concludes that this action is required to be dismissed pursuant to 28 U.S.C. § 1915.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 30th day of September, 2013.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE