IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY TROUTMAN,<br><br>        **Plaintiff,**<br><br>    v.<br><br>DeKALB FIRE EMS SERVICES, et al.,<br><br>        **Defendant.** | 1:13-cv-1097-WSD |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Timothy Troutman's Motion for Reconsideration [7] of the Court's September 30, 2013, Order [5] dismissing this action.

**I.    BACKGROUND**

On April 8, 2013, Plaintiff Timothy Troutman ("Plaintiff") filed a complaint that appeared to assert 42 U.S.C. § 1983 claims against the DeKalb Fire EMS Services and the DeKalb County Police Department. In it, Plaintiff alleged that on the night of December 31, 2010, he awoke to find a "white man beating me in my face," and was later told that it was an EMS worker. Plaintiff fell back asleep, but awoke again sometime later to find "four black police officers stomping me."

Plaintiff passed out again, and later awoke in police custody, bound in a cell.

After posting bond on January 7, 2011, Plaintiff alleges that he returned home to find his apartment had been robbed, but that the police officer who responded to the scene refused to indicate in his report that someone had broken into the apartment. In his complaint, Plaintiff sought compensation for his injuries that Plaintiff claims were caused by the attacks, compensation for his stolen property, and an apology from the law enforcement and government officials at the DeKalb Police Department and DeKalb EMS who refused to believe his version of events. The Court, construing the *pro se* complaint liberally, concluded that Plaintiff sought to bring an action under 42 U.S.C. § 1983 against the government officers Plaintiff claims he encountered on December 31, 2010.

On September 30, 2013, the Court dismissed this action as frivolous because Plaintiff failed to state a viable claim. Plaintiff did not allege that the assault was committed by an EMS worker in his capacity as an employee of the DeKalb EMS, or that the assault was related to emergency services offered by DeKalb county as required under Section 1983. The injuries that Plaintiff alleged resulted from the police officers' use of excessive force were unsupported by the medical documents attached to Plaintiff's complaint. Plaintiff's allegations of the officer's incomplete police report is not a basis for a claim that affects a constitutional or other federal

right.  Finally, DeKalb County Police Department is not an entity that can be sued under Section 1983.

On November 7, 2013, Plaintiff filed a motion for reconsideration.  Plaintiff states that he wishes to "submit all of the evidence," but does not specify what other evidence he can provide.  Plaintiff also asks the Court to reconsider its conclusion of when Plaintiff's injuries manifested.

## II.   DISCUSSION

### A.   Legal Standard

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993). The Court does not reconsider its orders as a matter of routine practice.  LR 7.2 E., NDGa.  The Court's Local Rules require the parties file any such motions for reconsideration "within twenty-eight (28) days after entry of the order or judgment." Id.

The Court construes Plaintiff's motion as a Rule 59(e) motion.  Motions for reconsideration under Rule 59(e) are only appropriate where there is newly-

discovered evidence[1] or a need to correct a manifest error of law or fact.  See Hood v. Perdue, 300 F. App'x 699, 700 (11th Cir. 2008) (citing Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996)); Arthur, 500 F.3d at 1343 ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."); Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999).[2]

A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion.  See Arthur, 500 F.3d at 1343; O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Jones v. S. Pan

---

[1] Evidence that could have been discovered and presented on the previously-filed motion is not newly discovered. See Arthur v. King, 500 F.3d 1335, 1343-44 (11th Cir. 2007); see also Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("We join those circuits in holding that where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").

[2] Motions for reconsideration under Rule 60(b) only are appropriate where there is "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or is no longer applicable. Fed. R. Civ. P. 60(b).

Servs., 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."); Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."). Whether to grant a motion for reconsideration is within the sound discretion of the district court. See Region 8, 993 F.2d at 806.

### B. Analysis

Plaintiff's motion was filed 38 days after the Court issued its Order, exceeding by ten days the time allowed by the Local Rules. LR 7.2 E., NDGa. Plaintiff also does not assert that he has any evidence that could not have been presented in the previously-filed complaint. Rather, Plaintiff states that he didn't know how to submit the evidence. Plaintiff does not, however, list or submit any evidence other than the medical records previously attached and considered with the original complaint.

Plaintiff also asserts that it was a mistake for the Court to conclude that the injuries took almost two years to manifest and were not caused by the alleged attack on December 31, 2010. These conclusions are drawn from Plaintiff's

complaint and the medical records that he attached to it.  <u>See</u> Doc. 3 at 4-5 (Following November 30, 2012, "Everything was fine I thought, I started to feel the numbness on my right side . . . ."); <u>Id.</u> at 20 (Reported on February 21, 2013, "The patient presents to emergency department complaining of a 3-week history of intermittent right arm numbness . . . .").  The Court based its conclusion on the nature of the symptoms in addition to the time it took them to manifest, and Plaintiff has not shown a mistake of law or fact in the Court's Order.  There is no basis for the Court to reconsider its prior Order, and Plaintiff's Motion for Reconsideration is required to be denied.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Timothy Troutman's Motion for Reconsideration [7] is **DENIED**.

**SO ORDERED** this 3rd day of January 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE